# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**NOBLE DREW ALI,**
**(a.k.a. JOSEPH LEE MCELVEEN BEY),**

        Petitioner,

    v.                            **CIVIL ACTION NO.  2:17cv340**

**HAROLD W. CLARKE[1], Director,**
**Virginia Department of Corrections,**

        Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Noble Drew Ali a.k.a. Joseph Lee McElveen-Bey's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("the Respondent") Motion to Dismiss, ECF No. 12.  The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges.  The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J).  For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED,** and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

---

[1] In his *pro se* Petition and other filings, Petitioner incorrectly spells the Respondent's last name as Clark.  The undersigned will utilize the correct spelling, Clarke.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On December 9, 2014, in the Circuit Court for Prince William County, Virginia ("Trial

Court"), a jury convicted Petitioner of one count of statutory burglary for events that occurred on

or about August 10, 2013.  ECF No. 1, attach. 1 at 7.  The factual findings of the Supreme Court

of Virginia provides the following summary of the evidence presented at trial:

> The evidence showed [P]etitioner and the victim had been married, but were
> separated.  The victim had obtained a protective order against [P]etitioner because
> he had abused her.  On the night of the crime, [P]etitioner telephoned the victim
> several times.  He was angry and asked her to give him a ride.  She refused.
> Petitioner then went to the victim's home, broke-in through a sliding glass door,
> entered the home, and attempted to force his way into the victim's bedroom.  The
> victim and her daughter, who had barricaded themselves inside the bedroom,
> called the police.  After several police officers, including a K-9 team, arrived,
> [P]etitioner fled.  He was apprehended by the K-9 team in a neighbor's yard
> shortly thereafter

ECF No. 1, attach. 1 at 9-10.  Here, Petitioner's allegation of error is limited to what occurred

prior to Petitioner's December 9, 2014 jury trial, and therefore, the undersigned will focus its

inquiry on the same.

On January 29, 2014, the Trial Court held a preliminary hearing and certified the

statutory burglary charge.  ECF No. 1, attach. 1 at 1.  On or about March 10, 2014, Petitioner

was indicted on that charge.  At a hearing the next day, Petitioner appeared and was represented

by attorney Kiah Spinks, ("Ms. Spinks") and Ms. Spinks indicated that the defense wished to

schedule a one day jury trial on October 29, 2014.  ECF No. 1, attach. 1 at 27 ("Ms. Spinks: 1

2

was thinking a one day jury trial October 29th."). Ms. Spinks' request was so heeded and a jury trial was scheduled for that day. ECF No. 1, attach. 1 at 1.[2]

On October 29, 2014, Petitioner appeared with counsel, Mr. Willie Thomas III, ("Mr. Thomas") and pleaded not guilty to the statutory burglary charge and the two pretrial violations were nolle prossed. ECF No. 1, attach. 1 at 2. Before counsel began their voir dire of the jury pool, the Trial Court observed that only twenty-two prospective jurors were present, that nearly a dozen potential jurors had ignored their jury summons, and that the case could not proceed to trial if even three prospective jurors were struck for cause. ECF No. 1, attach. 1 at 12 n.1. *See also* ECF No. 14 at 3 ("I need to let you folks know that we virtually have one spare. There are two spares. One of them, who I understand, does not speak English, so I assume we are down to one spare as far as the jury is concerned.").

Notwithstanding the unsuitably low number of potential jurors, the matter proceeded to jury selection with the Trial Court's observation that a continuance may be unavoidable. *See* ECF No. 1, attach. 1 at 2 ("If we cannot get a jury paneled today, obviously, we'll have to continue the case to another date."). Throughout the voir dire process, one potential juror was stricken for cause, without objection from the defense or the prosecution, for her lack of fluency in English. After the Trial Court struck two more jurors for cause, it announced that it no longer had the minimum number of jurors to proceed (twenty), accounting for the allowable number of peremptory strikes, and therefore declared a mistrial.[3] ECF No. 1, attach. 1 at 2; ECF No. 39,

---

[2] During this same hearing, the Trial Court informed Petitioner that he had two direct indictments for violating the conditions of his pretrial agreement and issued a capias for Petitioner's arrest. On April 14, 2014, Petitioner was arrested and returned to the Trial Court the following day. The Trial Court scheduled the pretrial violations to be heard on October 29, 2014, the same day Petitioner was scheduled to be tried for the statutory burglary charge. These two pretrial violations were later entered nolle prosequi. ECF No. 1, attach. 1 at 2.

[3] *See* ECF No. 39, attach. 1 at 19 (Trial Court: "A criminal felony charge, as is this case, takes twelve people to serve on a jury. So we start with a panel of twenty all together. And in that panel then, you have to eliminate eight people. So the Commonwealth gets four strikes and the defendant gets four strikes. And that gets you down to the twelve of you who will actually try the case.").

attach. 1 at 32-36. Thereafter, the Trial Court inquired of counsel regarding Petitioner's speedy

trial deadline, at which time the Commonwealth's Attorney stated that it was December, and the

Trial Court offered December 9, 2014, to which Mr. Thomas responded "December 9th works,

Your Honor" and the matter was reset for a jury trial on December 9, 2014. ECF No. 39, attach.

1 at 38-42. Mr. Thomas did not object to the proposed trial setting or the Commonwealth's

speedy trial calculation. *Id.* The Trial Court vowed to hold the jurors who failed to respond to

their summons to account. *See id.* at 37 ("There's about ten or twelve people who did not appear

today. Who trust me, they will get their rule to show cause why they should not be held in

contempt for not appearing today. . . . I'm serious. There will be rules issued for those jurors

who did not appear today. I'll make them come in, in one form or another.").

On November 3, 2014, Mr. Thomas filed a motion to dismiss the statutory burglary case

as barred under Virginia Code Section 19.2-243, the state speedy trial statute, arguing that

because the speedy trial deadline began to run on January 29, 2014, Petitioner was required to be

tried within nine months, or by no later than October 29, 2014. The Commonwealth's Attorney

filed a response in opposition and the matter was set for a hearing. On November 14, 2014, Mr.

Thomas did not appear for the scheduling hearing on the defense motion to dismiss, and so he

filed another motion to dismiss on December 5, 2014. *See* ECF No. 1 at 3. *See also* ECF No. 1

at 22 (Trial Court: "Noble Ali. Is anyone here in the case of Commonwealth versus Noble Ali . .

. It comes on the Defendant's motion to dismiss for speedy trial. Hearing no one appearing on

behalf of the defendant. . . . [to Petitioner:] Your counsel is not here today. I assume he is going

to reschedule. We'll simply take it off today and we'll see if he can get a date probably during

the week next week.").[4]    Prior to the commencement of trial on December 9, 2014, the Trial Court heard argument on the motion to dismiss, at which time Mr. Thomas asserted that under the governing statute, the last allowable day Petitioner could be tried was October 29, 2014. Mr. Thomas also challenged the Commonwealth Attorney's reliance on *Hutchins v. Commonwealth*, 30 Va. App. 574, 518 S.E.2d 838 (1999), *rev'd on other grounds*, 260 Va. 293, 533 S.E.2d 622 (2000), asserting that the amendment of Section 19.2-243 had made clear that a trial had not commenced within the meaning of the statute despite the fact that the jury venire had been sworn.    Ultimately, the Trial Court denied the defense motion to dismiss, finding that Ms. Spinks had agreed to the last allowable date (October 29, 2014), and that "[f]or purposes of speedy trial, once the jury was sworn in for voir dire period the trial had begun. And as a result, there is no speedy trial violation." ECF No. 14 at 5.[5]  A unanimous jury found Petitioner guilty, and recommended that Petitioner be sentenced to six years and six months of incarceration. ECF No. 39, attach. 1 at 244-45. On May 7, 2015, Petitioner was sentenced to six years and six months of incarceration. ECF No. 1 at 1.

---

[4] The undersigned observes that Mr. Thomas previously offered a different explanation for his non-appearance. In an affidavit executed by Mr. Thomas on September 29, 2016 and filed in the Supreme Court of Virginia state habeas proceeding, Mr. Thomas averred that

> [t]he motion to dismiss was scheduled to be heard on November 14, 2014. However, I received a call from the trial court's office advising that the trial court would not be able to hear the motion on November 14, 2014. The trial court decided to hear the motion on December 9, 2014, before proceeding to trial.

ECF No. 1, attach. 1 at 17. The accuracy of this statement and others in Mr. Thomas' affidavit is addressed more fully at note 10, *infra*.

[5] Ultimately, the Trial Court's decision to deny the motion to dismiss was not based on whether Mr. Thomas objected to the Trial Court's October 29, 2014 calculation of speedy trial. Indeed, the Trial Court's decision to deny the motion to dismiss accepted Mr. Thomas' representation that he objected to the continuance at the time it was entered. Rather, the decision was based on the Trial Court's interpretation that "[f]or purposes of speedy trial, once the jury was sworn in for voir dire, the trial had begun." *See* ECF No. 39, attach. 1 at 58-59 ("The judge, Judge Potter, declared a mistrial. The mistrial was no fault of the Commonwealth, no fault of the Defendant. The matter was set for today for trial. Now I will tell you that I have not had the benefit of a transcript to determine what happened during the course of setting of today's date and whether or not the defense objected to it, I have no reason to dispute what counsel has proffered to the Court with regard to their objection to the setting of it today. *For purposes of speedy trial, once the jury was sworn in for voir dire, the trial had begun. And as a result, there is no speedy trial violation.*") (emphasis added).

Petitioner appealed his conviction to the Court of Appeals of Virginia on the following ground: that the Trial Court erred by denying his motion to dismiss on speedy trial grounds. *See* ECF No. 1, attach. 1 at 11. By Order dated January 7, 2016, the Virginia Court of Appeals denied Petitioner's appeal. ECF No. 1, attach. 1 at 11-14. Specifically, the Virginia Court of Appeals found that notwithstanding the question of when trial commenced under the operative version of the state speedy trial statute, "the trial court did not err in denying his speedy trial motion because appellant consented to the December trial date." ECF No. 1, attach. 1 at 13. The Virginia Court of Appeals went on to observe that because the continuance on October 29, 2014 was entered by the Trial Court *sua sponte*, it was subject to the same requirements regarding objections made by the parties, including an objection by Mr. Thomas. ECF No. 1, attach. 1 at 13. The Court of Appeals further noted that sometimes circumstances arise that justify delay in prosecuting a defendant, and that in the instant matter,

> the delay was necessitated because the trial court was unable to impanel a jury free from exception. The trial court offered defense counsel a new trial date, and defense counsel stated that the new trial date was agreeable. Accordingly, the time between the original trial date on October 29, 2014, and the new trial date on December 9, 2014, did not count against the Commonwealth for speedy trial purposes.

ECF No. 1, attach. 1 at 13 (citing *Howard v. Com.*, 281 Va. 455, 460-61, 706 S.E.2d 885, 888 (2011)). Petitioner did not seek further appellate review of this denial from the Supreme Court of Virginia, apparently pursuant to advice of his court-appointed appellate counsel. *See* ECF No. 1, attach. 1 at 7 ("Petitioner's appeal to the Court of Appeals of Virginia was unsuccessful. He did not appeal to this Court."). *See also* ECF No. 1, attach. 1 at 19 ("Mr. Irving has advised that pursuant to the case of [Howard v. Commonwealth], cited in the Court of Appeals one judge decision denying my appeal, Mr. Irving does not believe that further pursuit of my appeal would

be fruitful. The reason, per Howard v. Commonwealth, that my appeal was denied is that my trial attorney, Willie Thomas did not object to the trial court continuing my case at the time that the case was originally continued.").

Instead, on August 11, 2016, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. *See* ECF No. 1, attach. 1 at 7-10. Therein, Petitioner raised the following claims: (a) that he was denied the effective assistance of counsel because trial counsel failed to properly assert and preserve for appeal petitioner's right to a speedy trial under Code 19.2-243; (b) that he was denied the effective assistance of counsel because trial counsel failed to request either a mistrial or a curative instruction when the burglary victim, Petitioner's wife, testified that she had obtained a protective order against Petitioner because he had physically, emotionally, and sexually abused her and such testimony was inadmissible and highly prejudicial; and (c) that he was denied the effective assistance of counsel because trial counsel failed to either request a mistrial or a curative instruction when the prosecutor allegedly made an improper closing argument because it contained the prosecutor's personal opinion of Petitioner's guilt. ECF No. 1, attach. 1 at 7-9. By Order dated February 10, 2017, the Supreme Court of Virginia rejected Petitioner's claims and dismissed Petitioner's state habeas petition, finding that, with respect to all three claims, Petitioner failed to demonstrate that trial counsel's performance was deficient, or that there was a reasonable probability that, but for trial counsel's alleged errors, the result of the proceeding would have been different. ECF No. 1, attach. 1 at 7-9. As to Petitioner's claim of ineffective assistance regarding Mr. Thomas' failure to object to a continuance on October 29, 2014 or otherwise fail to preserve the speedy trial issue, the Supreme Court of Virginia found Mr. Thomas' failure to object on October 29, 2014 to be insignificant, whereas the Court of Appeals of Virginia's decision was premised entirely on that fact.

*Compare* ECF No. 1, attach. 1 at 8 (Supreme Court of Virginia concluding that "even if counsel had objected to the continuance, counsel's objection would have been futile and petitioner would not have prevailed on a speedy trial claim on appeal"), *with* ECF No. 1, attach. 1 at 13 (Court of Appeals of Virginia determining that "the trial court did not err in denying his speedy trial motion because appellant consented to the December trial date").

Petitioner filed the instant *pro se* § 2254 Petition for federal habeas relief, ECF No. 1, on June 21, 2017, in the United States District Court for the Western District of Virginia, and on June 26, 2017, the matter was transferred to the instant Court, ECF Nos. 2-3. Therein, Petitioner raised only one ground for federal habeas relief: that Petitioner's trial counsel was ineffective because he failed to properly assert and preserve Petitioner's speedy trial rights under Virginia Code Section 19.2-243. *See* ECF No. 1, attach. 1 at 4 ("It is the petitioner's assertion in this claim that trial counsel's ignorance of the petitioner's speedy trial deadline and failure to object to the continuance on October 29, 2014, the actual nine month speedy trial deadline, amounted to ineffective assistance of counsel."). *See also* ECF No. 14 at 1, ¶ 2 ("Petitioner is attacking the validity of the aforementioned conviction and appears to allege that he was denied the effective assistance of counsel in that his trial attorney did not properly assert and preserve petitioner's speedy trial rights under Virginia Code § 19.2-243.").

On September 20, 2017, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and a *Roseboro* Notice. ECF Nos. 12-15. Petitioner filed a Response on October 4, 2017. ECF No. 16. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

Petitioner has also filed numerous other Motions seeking discovery and other assorted relief, which are similarly ready for disposition, including the following: Motion for Evidentiary

8

Hearing (ECF No. 17); Motion to Amend/Correct Petition (ECF No. 21); Motion for Leave to File (ECF No. 22); Motion for Leave of Court (ECF No. 23); Motion for Leave of Court (ECF No. 25); Motion to Appoint Counsel (ECF No. 26); Motion for Leave to File (ECF No. 34); Motion to Withdraw (ECF No. 36); Motion for Issuance of Subpoenas (ECF No. 37); Motion for Leave to File (ECF No. 38); Motion for Leave to File (ECF No. 39); and Motion for Leave (ECF No. 40).

## II. DISCUSSION

### A. Exhaustion

Before addressing the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted the claim asserted in the Petition. Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Here, Petitioner raised the present claim in his state

9

habeas petition before the Supreme Court of Virginia, which Respondent concedes. *See* ECF No. 14 at 2, ¶ 3 (stating "Ali has exhausted his available state court remedies as to the present allegation, as required under 28 U.S.C. § 2254(b)").

Accordingly, the undersigned **FINDS** that Petitioner exhausted his state court remedies with respect to the claim asserted in the Petition.

## B. Standards of Review

### 1. 28 U.S.C. § 2254(d)

Habeas relief is warranted only if Petitioner can demonstrate that the adjudication of his claim by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, federal habeas relief is precluded, so long as "fair-minded jurists could disagree" on the correctness of the state court's decision. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA[6], § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further.") (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (discussing AEDPA's "modified *res judicata* rule" under § 2244)). In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 562 U.S. 115, 121 (2011).

---

[6] Antiterrorism and Effective Death Penalty Act of 1996

In *Williams v. Taylor*, the Supreme Court explained that the "exceptions" encapsulated by § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. 362, 404-05 (2000).  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.  *Id.* at 405-06.  This Court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions, but unreasonably applies it to the facts of the particular case. *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000). *See also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable.").  "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

In making this determination under Section 2254(d)(1), the Court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011) ("Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law.  This backward-looking language requires an examination of the state-court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court.").  Thus, it is this Court's obligation to focus "on the state court decision that previously addressed the claims

11

rather than the petitioner's freestanding claims themselves."[7] *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997). *See also Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (explaining that the Court independently reviews whether that decision satisfies either standard). Additionally, in undertaking such review, this Court is mindful that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

    2. Ineffective Assistance of Counsel

    Because there is no allegation that the state courts decided Petitioner's state habeas "differently than th[e U.S. Supreme] Court has on a set of materially indistinguishable facts," *Williams v. Taylor*, 529 U.S. 362, 413 (2000), the relevant exception is "permitting relitigation where the earlier state decision resulted from an 'unreasonable application of' clearly established federal law" and "[t]he applicable federal law consists of the rules for determining when a criminal defendant has received inadequate representation as defined in *Strickland*," *Premo v. Moore*, 562 U.S. 115, 121 (2011) (citing *Harrington v. Richter*, 562 U.S. 86, 100 (2011); 28 U.S.C. § 2254(d)(1)). *See also Strickland v. Washington*, 446 U.S. 668 (1984). Generally, to have been entitled to habeas relief in State court for ineffective assistance of counsel claims under the Sixth Amendment, Petitioner had to show both that his defense counsel provided deficient assistance, and that he was prejudiced as a result of counsel's deficiency. *Strickland v. Washington*, 446 U.S. 668, 700 (1984) (conceptualizing the inquiry as two required prongs: a deficiency prong and a prejudice prong). First, to establish deficient performance, Petitioner was

---

[7] Pursuant to § 2254(d), the federal court must look to the state court decision that was "adjudicated on the merits in State court proceedings . . . resulting in a decision." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997). In this case, the qualifying state court decision on the merits was the Supreme Court of Virginia's February 10, 2017 decision on Petitioner's state habeas petition. *See* ECF No. 1, attach. 1 at 7-10.

required to show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 446 U.S. at 688-89 (holding that there is a strong presumption that trial counsel provided reasonable professional assistance). Second, Petitioner was also required to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 687, 693-94 (holding that counsel's errors must be "so serious as to deprive the defendant of a fair trial," and that a petitioner must "show that the errors had some conceivable effect on the outcome of the proceeding").

The United States Supreme Court summarized the high bar faced by petitioners in a federal habeas proceeding where a petitioner's Sixth Amendment ineffective assistance of counsel claims were previously rejected by the state court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so . . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo v. Moore*, 562 U.S. 115, 122–23 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009))) (internal citations omitted). *See also Knowles*, 556 U.S. at 123 ("Under the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard . . . Mirzayance's ineffective-assistance claim fails.") (citing *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003) (*per curiam*)). To be sure, and particularly apropos to Petitioner's claim, the "[f]ailure to raise a

13

meritless argument can *never* amount to ineffective assistance." *Juniper v. Zook*, 117 F. Supp. 3d 780, 791 (E.D. Va. 2015) (quoting *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996)) (emphasis added).

With these principles in mind, the undersigned now turns to the merits of the Petition.

## C. Facts and Findings of Law

The entirety of Petitioner's ineffective assistance of counsel claim turns on the interpretation of a state statute, which provides, in pertinent part, that

> Where a district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; and if the accused is not held in custody but has been recognized for his appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months from the date such probable cause was found.
>
> ***
>
> If an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five and nine months periods, respectively, shall commence to run from the date of his arrest thereon.
>
> ***
>
> The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:
> 1. By his insanity or by reason of his confinement in a hospital for care and observation;
> 2. By the witnesses for the Commonwealth being enticed or kept away, or prevented from attending by sickness or accident;
> 3. By the granting of a separate trial at the request of a person indicted jointly with others for a felony;
> 4. By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the

14

Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance;

5. By continuance ordered pursuant to subsection I or J of § 18.2-472.1 or subsection C or D of § 19.2-187.1;

6. By the inability of the jury to agree in their verdict; or

7. By a natural disaster, civil disorder, or act of God.[8]

But the time during the pendency of any appeal in any appellate court shall not be included as applying to the provisions of this section.

For the purposes of this section, an arrest on an indictment or warrant or information or presentment is deemed to have occurred only when such indictment, warrant, information, or presentment or the summons or capias to answer such process is served or executed upon the accused and a trial is deemed commenced at the point when jeopardy would attach or when a plea of guilty or nolo contendere is tendered by the defendant. The lodging of a detainer or its equivalent shall not constitute an arrest under this section.

Va. Code Ann. § 19.2-243.[9] As the Supreme Court of Virginia has observed, "the exceptions stated in the statute are not meant to be all-inclusive, and other exceptions of a similar nature are implied." *Hudson v. Com.*, 267 Va. 36, 41, 591 S.E.2d 679, 682 (2004) (citing *Stephens v. Commonwealth,* 225 Va. 224, 230, 301 S.E.2d 22, 25 (1983)).

---

[8] "These [seven] provisions are generally referred to as the tolling provisions." *Howard v. Com.*, 281 Va. 455, 460, 706 S.E.2d 885, 887 (2011).

[9] Notably, if Petitioner had structured this claim as simply an alleged violation of his state statutory right to a speedy trial under Va. Code Ann. § 19.2–243, the claim would not be cognizable under federal habeas review because "federal habeas relief is unavailable for violations of state law alone." *Henry v. Virginia Dep't of Corr.*, No. 3:17CV03-HEH, 2018 WL 1037552, at *7 (E.D. Va. Feb. 23, 2018) (citing 28 U.S.C. § 2254(a)). *See also Uzzle v. Fleming*, No. 1:16CV473 (JCC/IDD), 2017 WL 3498490, at *7 (E.D. Va. Aug. 15, 2017), *appeal dismissed sub nom. Uzzle v. Flemming*, 710 F. App'x 611 (4th Cir. 2018) (observing that even if a petitioner's state-created right to a speedy trial had been violated, "such an argument states no claim for § 2254 relief because it is not a claim of federal constitutional dimension.") (citing *Billotti v. Legursky*, 975 F.2d 113, 119 (4th Cir. 1992) ("A state prisoner is entitled to relief under § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'") (quoting *Engle v. Isaac*, 456 U.S. 107, 119 (1982)); *Larry v. Branker*, 552 F.3d 356, 368 (4th Cir. 2009), *cert. denied*, 130 S.Ct. 408 (2009) (holding that an argument that rests solely on interpretation of a state statute "is simply not cognizable on federal habeas review")).

15

Here, there are several facts that are not in dispute. First, it is undisputed that on January 29, 2014, following a preliminary hearing, the Trial Court certified the burglary charge, thus the nine month speedy trial clock began to run on that day, pursuant to Va. Code Ann. § 19.2-243. Accordingly, it is also undisputed that October 29, 2014 was the last day that Petitioner could have been tried within speedy trial, absent extenuating circumstances, because this date marked nine months from the date that the statutory burglary charge was certified by the Trial Court. *See* ECF No. 1, attach. 1 at 2; ECF No. 14 at 10. It is further undisputed that on January 29, 2014, Ms. Spinks appeared on behalf of Petitioner and specifically requested October 29, 2014 as the trial date. ECF No. 1, attach. 1 at 27 ("Ms. Spinks: I was thinking a one day jury trial October 29th."). Indeed, the presence of extenuating circumstances on October 29, 2014 is similarly undisputed; namely, the absence of the requisite minimum number of jurors available to properly conduct a voir dire and impaneling of a jury, which prevented Petitioner from exercising his right to a trial by jury on that day. Notably, Petitioner does not challenge the exclusion for cause of either of the potential jurors leading to this juror shortage. *See* ECF No. 1, *passim. See also* ECF No. 14 at 10 (observing that "[i]n his petition, [Petitioner] neither challenges the removal of the two jurors nor the trial court's conclusion that the trial could not proceed on October 29, 2014"). Nor does Petitioner challenge Ms. Spinks' selection of October 29, 2014 as the trial date. *See* ECF No. 1, *passim.*

In order for Petitioner to be granted habeas relief on this claim, he must demonstrate that Mr. Thomas provided ineffective assistance of counsel which fell below the permissible minimum level of effectiveness by failing to move for dismissal of Petitioner's case on October 29, 2014, and that the failure to so move prejudiced Petitioner, such that the outcome likely would have been different. Consideration of this claim necessitates rejection of the same under

16

both *Strickland* prongs. The failure to have sufficient veniremen to permit trial to go forward because more than one third of jurors summonsed failed to appear is not unlike the Va. Code Ann. § 19.2-243 exception that provides for the unavailability of witnesses, and the Supreme Court of Virginia was not unreasonable in finding that the instant circumstance was of the type implied by such exceptions. *See* Va. Code Ann. § 19.2-243 ("The provisions of this section shall not apply to such period of time as the failure to try the accused was caused . . . By the witnesses for the Commonwealth being enticed or kept away, or prevented from attending by sickness or accident . . ."). Petitioner's argument to the contrary, that the seven circumstances are an exhaustive and exclusive list, has been roundly rejected by the Supreme Court of Virginia. *Compare* ECF No. 16 at 3, ¶ 7 ("In order to prove that the Commonwealth is justified in going beyond the Speedy trial deadline, the Commonwealth must demonstrate that the delay is excused under one of the Seven (7) reasons enumerated under Virginia Code § 19.2-243. None of the reasons given on the record come remotely close or are 'in pare ratione' to any of the reasons given in the statute.") (capitalization in original), *with Young v. Commonwealth*, No. 0265-17-4, 2018 WL 1385405, at *6 (Va. Ct. App. Mar. 20, 2018) ("The Virginia Supreme Court has already determined that court-ordered continuances are *in pari ratione*, of a similar nature, to those contemplated by the enumerated continuance exception.") (citing *Howard v. Commonwealth*, 281 Va. 455, 461, 706 S.E.2d 885, 888 (2011) (concluding that "a continuance entered by the court *sua sponte* has the same effect as a continuance entered at the request of [appellant] or the Commonwealth") (quoting *Stephens v. Commonwealth*, 225 Va. 224, 230, 301 S.E.2d 22, 25 (1983))). *See also Hudson v. Com.*, 267 Va. 36, 41, 591 S.E.2d 679, 682 (2004) (concluding that "the exceptions stated in the statute are not meant to be all-inclusive, and other exceptions of a similar nature are implied") (citing *Stephens*, 225 Va. at 230, 301 S.E.2d at 25

17

(1983)).  Recent decisions from Virginia's highest courts continue to express approval of "judicially recognized exceptions to Code § 19.2-243." *Wallace v. Com.*, 65 Va. App. 80, 94, 774 S.E.2d 482, 489 (2015), *aff'd sub nom. Wallace v. Commonwealth*, 798 S.E.2d 595 (Va. 2016) ("Since the Supreme Court's holding in *Stephens,* Code § 19.2–243 has been amended by the General Assembly eight times. '[W]here the General Assembly acts in an area in which this Court has already spoken, it is presumed to know the law as the Court has stated it and to acquiesce therein.'  Despite multiple amendments, no action was taken to alter the holding in *Stephens,* and therefore we presume that the General Assembly intended to allow for judicially recognized exceptions to Code § 19.2–243.'") (quoting *Scott v. Commonwealth,* 58 Va. App. 35, 49, 707 S.E.2d 17, 24 (2011) (quoting *Bell v. Commonwealth,* 21 Va. App. 693, 699, 467 S.E.2d 289, 292 (1996)) (internal citations omitted)).  Consequently, any motion to dismiss (on the basis of speedy trial) by defense counsel undoubtedly would have been denied.

It is axiomatic that the "[f]ailure to raise a meritless argument can never amount to ineffective assistance."  *Juniper v. Zook*, 117 F. Supp. 3d 780, 791 (E.D. Va. 2015) (quoting *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996)).  It cannot be overstated: "counsel is not ineffective for failing to file frivolous motions." *Moody v. Dir., Virginia Dep't of Corr.*, No. 1:14CV1581 (GBL/TCB), 2016 WL 927184, at *7 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 669 F. App'x 160 (4th Cir. 2016) (citing *Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005)).

The Supreme Court of Virginia's rejection of this claim on state habeas review was not unreasonable:

> Although inability to impanel twenty qualified jurors due to an insufficient jury pool resulting from a significant number of prospective jurors disregarding their summonses for unknown reasons is not one of the enumerated reasons for delay in Code § 19.2-243, this Court "has repeatedly held that the exception stated

18

in the statute are not meant to be all-inclusive, and other exceptions of a similar nature are implied."

*  *  *

The record demonstrates the delay in trying petitioner on October 29, 2014, was beyond the control of the parties and the trial judge and of similar nature and rational to the exceptions enumerated in Code § 19.2-243. Prospective jurors from which a jury can be empaneled, like the witness for the Commonwealth, cannot be replaced at a moment's notice. Accordingly, the delay from October 29, 2014 to December 9, 2014 was not attributable to the Commonwealth and petitioner had no reasonable grounds for opposing continuance of his trial to December 9, 2014. Therefore, even if counsel had objected to the continuance, counsel's objection would have been futile and petitioner would not have prevailed on a speedy trial claim on appeal. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

ECF No. 1, attach. 1 at 8 (citing *Wallace v. Commonwealth*, 65 Va. App. 80, 93, 774 S.E.2d 482, 488 (2015) (quoting *Hudson v. Commonwealth*, 267 Va. 36, 41, 591 S.E.2d 679, 682 (2004)) (continuance due to medical emergency in prosecutor's family was of similar nature to the exceptions in Code § 19.2-243). Therefore, it is highly unlikely that the Trial Court would have granted a motion to dismiss, if made, on October 29, 2014, and therefore, Mr. Thomas did not fail to provide effective assistance of counsel by failing to make such motion on October 29, 2014.

Even assuming *arguendo*, that Mr. Thomas' performance fell below the acceptable level of effectiveness by not acting on October 29th, Petitioner cannot establish *Strickland*'s prejudice prong, because it is not reasonably likely the outcome would have changed since any speedy trial motion undoubtedly would have been denied, as trial could not have gone forward on October 29, 2014, and such fact was beyond the control of Petitioner, the Commonwealth, and even the Trial Court. *See Harrington v. Richter*, 562 U.S. 86, 111–12 (2011) ("In assessing prejudice

19

under *Strickland,* the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different. . . . This does not require a showing that counsel's actions 'more likely than not altered the outcome' . . . . The likelihood of a different result must be substantial, not just conceivable.") (citing *Wong v. Belmontes,* 558 U.S. 15, 27 (2009) *(per curiam)*; *Strickland,* 466 U.S. at 693, 696-97).[10]

In sum, the undersigned **FINDS** that Petitioner's claim is without merit, as "the Supreme Court of Virginia's rationale for denying his petition was not contrary to federal law, nor did it involve an unreasonable application of federal law, nor was it based on an unreasonable

---

[10] Petitioner takes umbrage with the affidavit submitted by Mr. Thomas ("the Thomas affidavit") and filed by the Respondent in the Supreme Court of Virginia in connection with the state habeas proceeding. *See* ECF No. 1, attach. 1 at 15-18. Respondent also filed the Thomas affidavit in connection with his Motion to Dismiss in this action. *See* ECF No. 14, attach. 1. Specifically, Petitioner avers that several statements made by Mr. Thomas, under oath, are untrue, and Petitioner requests that "[t]hese discrepancies between trial counsel's affidavit and the trial record make the integrity of his statements questionable, and should be considered as a determining factor in assessing his performance as defense counsel in this case." ECF No. 1, attach. 1 at 6.

One such contested statement was that "I chose October 29, 2014 as the trial date." ECF No. 1, attach. 1 at 17. This is contradicted by the transcript of the January 29, 2014 proceedings which demonstrate that Ms. Spinks, not Mr. Thomas, chose the date. *See* ECF No. 1, attach. 1 at 27.

Mr. Thomas' affidavit also states that on October 29, 2014 "I objected to the Commonwealth's Attorney's calculation and requested a ruling on the matter from the trial court" and that "on December 9, 2014, before arguing the motion to dismiss on the merits, I and the Commonwealth Attorney affirmed that I objected to scheduling the trial date beyond the prescription in the speedy trial statute." ECF No. 1, attach. 1 at 17. The Trial Court transcript demonstrates that Mr. Thomas made no such objection or request, and simply agreed, without objection, to the new trial date. *See* ECF No. 39, attach. 1 at 38-42.

Regarding Mr. Thomas' failure to appear in court to argue his belatedly filed motion to dismiss on November 14, 2014, Mr. Thomas stated "I received a call from the trial court's office advising that the trial court would not be able to hear the motion on November 14, 2014." ECF No. 1, attach. 1 at 17. However, the transcript from that day demonstrates that the Trial Court called the matter for the purpose of hearing the motion and that no counsel appeared on behalf of Petitioner. *See* ECF No. 1, attach. 1 at 21-22.

The undersigned finds the conflict between Mr. Thomas' averments in his affidavit and facts demonstrated in the Trial Court transcripts to be troubling. Also troubling is why the Respondent, in light of these conflicts, would proffer the Thomas affidavit in support of his Motion to Dismiss here. *See* ECF No. 14 at 12. However, the truth or falsity of Mr. Thomas' statements is not material to the question at hand: whether moving for dismissal of the case on October 29, 2014 would likely have resulted in a different outcome. Thus, whether it was Mr. Thomas or Ms. Spinks who originally selected October 29, 2014 as an appropriate trial date on January 29, 2014 has no effect on whether the Trial Court would have granted a motion to dismiss the charges on October 29, 2014. Similarly, whether, on October 29, 2014, Mr. Thomas disputed or agreed with the Commonwealth's Attorney's calculation of speedy trial deadline as December 15, 2014 is likewise immaterial. While Petitioner's complaints about the veracity of Mr. Thomas' statements appear to be supported by the Trial Court transcripts, such matters are not before the Court.

20

determination of the facts in light of the evidence." *Ellis v. Johnson*, No. 2:09CV394, 2010 WL 1286040, at *2 (E.D. Va. Mar. 30, 2010).

## III.   RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## IV.   PENDING MOTIONS

As noted in Part I, *supra*, Petitioner has filed numerous Motions which are also ripe for disposition.

### A. Petitioner's Motion For Evidentiary Hearing (ECF No. 17)

With respect to Petitioner's request for an evidentiary hearing, it is well-established that habeas petitioners are not automatically entitled to an evidentiary hearing.  As the Fourth Circuit explained,

> "A petitioner who has diligently pursued his habeas corpus claim in state court is entitled to an evidentiary hearing in federal court, on facts not previously developed in the state court proceedings, if the facts alleged would entitle him to relief, and if he satisfies one of the six factors enumerated by the Supreme Court in *Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)."

*Juniper v. Zook*, 876 F.3d 551, 563 (4th Cir. 2017) (quoting *Conaway v. Polk*, 453 F.3d 567, 582 (4th Cir. 2006)).  The six *Townsend* factors are:

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Juniper v. Zook*, 876 F.3d 551, 563 n.5 (4th Cir. 2017) (citing *Townsend*, 372 U.S. at 313). Petitioner's Motion for Evidentiary Hearing (ECF No. 17) is **DENIED** because Petitioner failed to show that he would prevail on the merits of the Petition, Petitioner was given a full and fair opportunity to present evidence in state court, his claim was fully adjudicated on the merits in state court, and Petitioner has failed to otherwise establish any of the *Townsend* factors. Additionally, as the undersigned already noted at the beginning of this Report and Recommendation, "[t]he undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J)."

## B. Petitioner's Motion To Amend/Correct Petition (ECF No. 21)

Essentially, Petitioner's Motion to Amend/Correct seeks to supplement the Petition to include several documents. Upon consideration of Petitioner's Motion, no Opposition thereto having been filed by the Respondent, and the time for doing so having expired, Petitioner's Motion to Amend/Correct (ECF No. 21) is **GRANTED**.

## C. Petitioner's Motion for Leave to File (ECF No. 22)

Petitioner seeks leave to file an affidavit that contains Petitioner's sworn averments that he repeatedly impressed upon Mr. Thomas the importance of preserving Petitioner's speedy trial rights. Upon consideration of Petitioner's Motion, with no Opposition from the Respondent having been filed, and the time for doing so having expired, Petitioner's Motion for Leave to File (ECF No. 22) is **GRANTED**.

## D. Petitioner's Motion to Appoint Counsel (ECF No. 26)

Petitioner seeks appointment of counsel to assist him in the pursuit of this claim of ineffective assistance of counsel. In support of this request, Petitioner states that his current incarcerated status and lack of formal training renders him unable to properly present his

meritorious claim for relief. *See* ECF No. 26 at 1 ("That he is currently incarcerated and lacks the ability to retain counsel. . . . That his place of incarcerated [sic] provides very limited resources and/or assistance for the proper preparation and conducting of complex legal matters. . . . That he has no formal training or education. . . . That this case/claim has merits. . . . The petitioner respectfully requests the assistance of counsel to explain the applicable principles to the complaint and limit litigation to potentially meritorious issues.").

It is axiomatic that "[t]here is no constitutional right to counsel in a non-capital federal habeas case." *Dire v. United States*, 990 F. Supp. 2d 583, 585 (E.D. Va. 2013) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995) ("[T]he Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255.")). *See also Hunt*, 57 F.3d at 1340 (observing "the requirement of the Constitution is that the prisoner have counsel upon his trial, not when he subsequently makes a motion attacking the judgment there entered.") (quoting *Crowe v. United States*, 175 F.2d 799, 801 (4th Cir. 1949)). "Although there is generally no right to counsel in a non-capital habeas proceeding, a court has the discretion to appoint counsel if it 'determines that the interests of justice so require.'" *Dire v. United States*, 990 F. Supp. 2d 583, 585–86 (E.D. Va. 2013) (quoting 18 U.S.C. § 3006(a)(2)(B)). In the Fourth Circuit, "the 'interests of justice' . . . require the appointment of counsel only in the most 'exceptional circumstances.'" *Dire*, 990 F. Supp. 2d 583, 585–86 (E.D. Va. 2013) (quoting 18 U.S.C. § 3006(a)(2)(B); *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296 (1989)) (internal citations omitted). Although "'no comprehensive definition of exceptional circumstances is practical . . . . The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities

23

of the individuals bringing it.'" *Whisenant*, 739 F.2d at 163 (quoting *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982)).  Stated another way, "[i]f it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him."  *Whisenant*, 739 F.2d at 163 (quoting *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978)).

Under this framework, it is equally well-established that "[t]he only stages where appointment of counsel is mandatory for a non-capital habeas petitioner are when counsel is 'necessary for effective discovery' . . . and when the district court determines that 'an evidentiary hearing is warranted.'"  *Dire v. United States*, 990 F. Supp. 2d 583, 585 (E.D. Va. 2013) (citing Rule 6(a) of the Rules Governing Section 2255 Cases) (internal citation omitted).  Here, the undersigned **FINDS** that Petitioner has not presented a colorable claim for habeas relief, has been able to artfully present such claim despite his incarceration and lack of legal training, is not entitled to discovery or an evidentiary hearing, and therefore appointment of counsel is not warranted.  *See* Part IV.A, *supra* (re: evidentiary hearing); Part IV.E, *infra* (re: discovery). Accordingly, Petitioner's Motion for Appointment of Counsel (ECF No. 26) is **DENIED**.

### E. Petitioner's Discovery Motions (ECF Nos. 23, 25, 34, 36-38, 40)

Petitioner has filed several Motions seeking various relief related to efforts to obtain discovery from the Respondent and also from trial counsel, Mr. Thomas.  Rule 6(a) of the Rules Governing 28 U.S.C. § 2254 provides that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."  *Cherrix v. True*, 177 F. Supp. 2d 485, 491 (E.D. Va. 2001) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (quoting Rule 6(a))).  "Good cause is shown if the petitioner makes a

24

specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief." *Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998) (citations omitted). Because the undersigned **FINDS** that Petitioner has not established good cause for the undersigned to exercise its discretion to permit discovery, all of Petitioner's discovery-related Motions are **DENIED**.

In Petitioner's Motion for Leave of Court (ECF No. 23), Petitioner seeks to file discovery requests including Requests for Admissions and Interrogatories.  In Petitioner's Motion for Leave of Court (ECF No. 25) Petitioner seeks to withdraw and replace the Requests for Admissions and Interrogatories previously filed in ECF No. 23 because the documents in ECF No. 23 bore the "incorrect letterhead." *See* ECF No. 25 at 1.  Petitioner's Motion for Leave (ECF No. 23) is **DENIED** and Petitioner's Motion for Leave (ECF No. 25) is **DENIED AS MOOT**.

Petitioner's Motion for Leave to File (ECF No. 34), which seeks a Motion to Compel Discovery since Petitioner received no response to his first discovery requests, is similarly **DENIED**.

Petitioner's Motion for Issuance of Subpoenas (ECF No. 37) and Motion for Leave to File (ECF No. 38), seek a deposition subpoena requiring Mr. Thomas to answer written deposition questions pursuant to Fed. R. Civ. P. 31, and are **DENIED**.

Petitioner's Motion for Leave to File (ECF No. 40) seeks leave of Court to refile written depositions addressed to Mr. Thomas that were the subject of Petitioner's previous Motion for Leave to File (ECF No. 38).[11]  According to Petitioner, he needed to refile the written depositions "because I needed the courts to know who the deposition is addressed to and why it is addressed to Mr. Willie Thomas III, for the affidavit he submitted to the court." ECF No. 40

---

[11] Like Petitioner's other discovery-related Motions, Petitioner's Motion for Leave (ECF No. 38) is denied, *supra*.

at 1.  Petitioner further clarifies that "[t]his is still titled First set of deposition [sic], I only changed the name to Mr. Willie Thomas III.  I want to challenge Mr. Willie Thomas III, affidavit [sic]."  ECF No. 40 at 1.  Petitioner's Motion for Leave (ECF No. 40) is **DENIED.**

**F. Petitioner's Motion for Leave to File (ECF No. 39)**

Petitioner's Motion for Leave to File (ECF No. 39) seeks to file with the Court the hearing and trial transcripts from the Trial Court regarding Petitioner's underlying criminal proceeding, along with Mr. Thomas' responses to Petitioner's discovery requests in a civil suit between Petitioner and Mr. Thomas and his firm which is currently pending in Prince William County Circuit Court, along with another copy of the Thomas affidavit.  Inasmuch as the transcripts from the criminal proceeding are part of the underlying record in the state court, Petitioner's Motion for Leave to File (ECF No. 39) is **GRANTED.**

## V.  REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1.  Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a).  A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2.  A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a

judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Petitioner and to counsel for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 17, 2018

27